## Citizens National Bank v. T. B. Lewis.

1.  TRIALS BY THE COURT—*Findings on Conflicting Evidence.*—Where a cause is tried by the court without a jury, and there is evidence to support the finding, it will not be disturbed.

2.  VARIANCE—*Altered Instruments.*—In a replevin suit to recover the possession of a promissory note, by the rightful owner, the fact that the note has been wrongfully altered by changing the name of the original payee can not be held to be a variance.

Replevin, for a promissory note.    Trial in the Circuit Court of Macon County;  the Hon. EDWARD P. VAIL, Judge, presiding.    Finding and judgment for defendant.    Error by plaintiff.    Heard in this court at the May term, 1898.    Affirmed.    Opinion filed October 5, 1898.

D. C. CORLEY, attorney for plaintiff in error.

LEWIS & LEWIS, attorneys for defendant in error; THOS. J. SMITH, of counsel.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

C. H. McClintock and T. B. Lewis were copartners and did a life insurance business under the firm name of Lewis & McClintock, at Decatur, Illinois, from January 1, 1896, to

August 5, 1896, when the firm dissolved and notice of such dissolution was given by publication in the Champaign Gazette. Under the terms of the, dissolution, Lewis was to have all the notes of the firm taken for life insurance premiums, and he assumed all indebtedness of the firm to the insurance company they represented. In the latter part of May, 1896, one T. J. Abel gave to Lewis & McClintock his note for insurance premium for $150, payable to the firm. Prior to the maturity of this note, it was left by the payees with one Robert Ferguson, of Decatur, who was notified by Lewis of dissolution of the firm and that Lewis was entitled to the money due on said note. On August 29, 1896, McClintock went to Ferguson and represented that the firm of Lewis & McClintock had not dissolved, and that the maker wanted to pay this note; Ferguson & McClintock went to the maker and he gave to McClintock a new note for $150, payable in ninety days to Lewis & McClintock, indorsed on back, "Not negotiable," and took up the first note. This latter note, before its maturity, was changed, without the knowledge or consent of Lewis or Abel, by erasing "Lewis & " and inserting " C. H.," so that as changed the payee of the note read " C. H. McClintock " instead of " Lewis & McClintock." Before the maturity of this last note, and after it was so altered, McClintock, for value, indorsed and sold it to one Charles A. Kimmel, who, on December 12, 1896, gave it to the plaintiff in error for collection. Plaintiff in error at once took steps to collect it from Abel, the payee; but on December 16, 1896, the defendant in error demanded the note of the plaintiff in error, claiming it was his, and upon being refused possession of it, instituted this replevin suit for same. On the trial before the Circuit Court of Macon County, without a jury, that court found for the defendant in error and gave him judgment. The plaintiff in error prosecutes a writ of error to this court to reverse that finding and judgment.

It appears from the record before us that there was some conflict in the evidence, on some of the material facts in issue, on the trial of this case in the Circuit Court, but, from

the whole testimony before us, we are satisfied the conclusion reached by the learned judge who tried this case is abundantly supported by the evidence, and for that reason we will affirm his findings and judgment.

As to the contention of the plaintiff in error, that the pleadings and writ in this case claimed a note payable to Lewis & McClintock, while the note replevied and admitted in evidence by the trial court was one payable to C. H. McClintock, and this was a variance, we think that is completely answered by the evidence showing that the note had been wrongfully altered so as to so read, but in fact the note in question was the note payable by its terms rightfully to Lewis & McClintock.   Judgment affirmed.